UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETTY STOTLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:08CV550 RWS |
| ACE HARDWARE CORP., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER OF DISMISSAL**

In this diversity action, plaintiff settled her claims against defendants and dismissed her complaint on April 10, 2009. Therefore, the only claims remaining in this case are Ace Hardware's state law third-party complaint against New Buffalo and Westlake's state law crossclaim against New Buffalo, which has now been settled. The asserted basis for the Court's jurisdiction over these claims is pendent or ancillary jurisdiction under 28 U.S.C. § 1367. Generally, this Court only has jurisdiction to adjudicate claims based on either federal subject matter jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331 & 1332. However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place." Carnegie-Mellon University v. Cohill, 484

U.S. 343, 349 (1988); see also 28 U.S.C. § 1367.  District courts have "broad discretion" in deciding whether to exercise pendent jurisdiction over state law claims.  Willman v. Heartland Hospital East, 34 F.3d 605, 613 (8th Cir. 1994).  Because all claims over which this Court had original jurisdiction have now been dismissed, I have discretion to dismiss the remaining state law claims in Ace's third party complaint and Westlake's crossclaim without prejudice.  See Miner v. Local 373, 513 F.3d 854, 866 (8th Cir. 2008).  Without addressing the adequacy of these state law claims, I decline to exercise jurisdiction over them and, in my discretion, dismiss the state law claims without prejudice.

I have also reviewed Ace Hardware's motion for attorney's fees and costs under 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.  After careful review under the relevant standards, I do not believe that Ace Hardware is entitled to the relief sought, so I am exercising my discretion to deny the motion without prejudice.  Whether Ace Hardware may ultimately be entitled to recover its costs and fees in a state court action is not before me, so I need not and therefore do not consider that issue.

Accordingly,

**IT IS HEREBY ORDERED** that Ace Hardware's motion for costs and attorney's fees under 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil

Procedure [#50] is denied without prejudice.

**IT IS FURTHER ORDERED** that Ace Hardware's third-party complaint and Westlake's cross-claim are dismissed without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2009.